[No. 6132. Decided September 28, 1906.]

WILLIAM HENNIG, *Respondent*, v. CLAUSSEN BREWING ASSOCIATION, *Appellant*.[1]

REPLEVIN—WHEN LIES—CONDITIONAL BILL OF SALE—BREACH. Where, upon the breach of a conditional bill of sale of a stock of goods and fixtures, the vendor takes possession of additional stock purchased since the bill of sale, replevin lies to recover such additional stock.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered November 15, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action of replevin. Affirmed.

*Brown, Leehey & Kane*, for appellant.

*Hathaway & Alston*, for respondent.

[1]Reported in 86 Pac. 1134.

PER CURIAM.—This action was brought by the plaintiff William Hennig against the defendant Claussen Brewing Association, a corporation, to recover possession of a certain stock of wines, liquors and cigars. Plaintiff alleged ownership and right of possession in himself, and that the defendant had wrongfully seized and withheld said property. The defendant denied ownership in the plaintiff, admitted taking possession, and alleged ownership and right of possession in itself. The defendant also pleaded a conditional bill of sale made by it to one Ben Johnson, for said property, and alleged that it afterwards took possession on the default of said Johnson. Trial being had without a jury, the court made findings of fact, from which it appears that, on and before November 27, 1903, the defendant was the absolute owner of the bar fixtures, furniture, wines, liquors and cigars then located in the "Scandia Bar" in Snohomish, Washington, that on said date it made a conditional bill of sale for all of said goods, wares and merchandise, including the bar, backbar, safe, cash register and all other furniture, together with the wines, liquors and cigars then located in said saloon, to one Ben Johnson, which conditional bill of sale was duly recorded in the office of the auditor of Snohomish county; that prior to February 9, 1905, said Ben Johnson broke the conditions of said conditional bill of sale; that on said February 9, 1905, the plaintiff William Hennig was in possession of all of said bar fixtures and furnishings of every description in said "Scandia Bar," and was the absolute owner and in rightful possession of certain wines, liquors and cigars then located in said saloon, of the total value of $218.15; that all of the wines, liquors and cigars in said "Scandia Bar" at the date of said conditional bill of sale were of the value of $50, and no more; that long prior to the —— day of January, 1905, said Ben Johnson sold all of said stock of wines, liquors and cigars mentioned in said conditional bill of sale; that said Ben Johnson from time to time purchased additional

wines, liquors and cigars, and placed them in said "Scandia Bar;" that in January, 1905, for a valuable consideration, he sold all of the said wines, liquors and cigars then located in said "Scandia Bar" to the plaintiff; that no part of the wines, liquors and cigars sold by said Ben Johnson to the plaintiff as aforesaid was covered by said conditional bill of sale; that on February 9, 1905, the defendant was the owner of and entitled to the possession of all of the bar fixtures and furnishings in said saloon; that on said date the defendant entered said saloon and wrongfully took said wines, liquors and cigars from the possession of the plaintiff; that, at the time, the defendant paid plaintiff the sum of $25.65, the amount paid by plaintiff for a government retail liquor license, but that no part of said sum was paid to plaintiff as a consideration for the wines, liquors and cigars then located in said saloon; that prior to the commencement of this action, plaintiff demanded possession of said wines, liquors and cigars; that the defendant wrongfully withholds the same, and that they are worth the sum of $218.15. Upon these findings, judgment was entered in favor of the plaintiff for the recovery of the possession of the identical wines, liquors and cigars owned by him, and in case the delivery thereof cannot be had, that he recover from the defendant the sum of $218.15, their value, with costs. From said judgment this appeal has been taken.

The controlling assignments of error presented are that the trial court erred in making said findings of fact, and in refusing other findings requested by appellant. The evidence shows that, at the time the appellant made its conditional bill of sale to said Ben Johnson in November, 1903, there was a small stock of liquors, wines and cigars in the said "Scandia Bar;" that all of said stock was afterwards sold by said Johnson in the regular course of trade; that thereafter he purchased other and additional stock; that in January, 1905, he sold said saloon business, including the stock of wines,

Sept. 1906]        Opinion Per MOUNT, C. J.

liquors and cigars then in his possession, to respondent Hennig, and that at said time there was no stock of wines, liquors or cigars in said saloon covered by appellant's conditional bill of sale.

The only issue now before us is one of fact. We have carefully examined all of the evidence and find that it sustains each and all of the findings made by the trial court. This being true, the final judgment was properly entered, and is affirmed.